UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| IN RE:<br>TIMOTHY DAVID HEINZE<br>CATHERINE MARIE HEINZE<br><br>Debtors | CASE NO: 17-60506 - RBK<br><br>CHAPTER 13 |

## TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' PROPOSED CHAPTER 13 PLAN WITH PREJUDICE

COMES NOW RAY HENDREN, the Chapter 13 Trustee in the above captioned case, and moves this Honorable Court to deny confirmation of Debtors' proposed Chapter 13 plan with prejudice. In support, the Trustee would represent to the Court the following:

1. Debtor(s) filed a voluntary petition on June 30, 2017. The meeting of creditors was held and concluded pursuant to Bankruptcy Code section 341 on July 31, 2017. The Confirmation hearing was scheduled for August 23, 2017 and was denied. Debtor(s) filed the amended Chapter 13 Plan on September 6, 2017 and Confirmation was reset to October 18, 2017. The amended plan proposes to pay all allowed priority claims in full, all secured claims to the extent of the value of the collateral, and approximately 4% of each unsecured allowed claim.

2. Debtor's Chapter 13 Plan attempts to modify the rights of a claimholder secured by debtor's homestead in violation of §1322(b)(2). Debtors possess real property in the form of a house secured by Flagstar Bank and a vehicle secured by Santander Consumer, Inc. The Trustee objects to the debtor valuing the mortgage arrears in Section IV of the Plan in the amount of $9,205.00 and the vehicle payment arrears in the amount of $1,863.00 and requests the values be stricken from the Plan.

3. The Trustee asserts not all assets may have been scheduled properly. Wells Fargo Dealer Services filed a secured Proof of Claim in the amount of $2,625.53 for a 2001 Dodge Ram 2500 valued at $12,675.00. Debtors may have omitted this asset from their signed and sworn schedules. Equity in the amount of $10,049.47 would be considered non-exempt property of the estate.

4. The Trustee has previously requested bank statements beginning in December 2016 through May 2017 along with the bank June bank statement to verify non-exempt property. The debtors have failed to provide the Trustee with the requested documents. The Trustee requests the debtors provide these documents along with the August and September bank statements.

5. The debtors propose to retain and pay through the Chapter 13 Plan a vehicle that is not

necessary.  Debtors are proposing to retain and pay direct a 2016 Dodge Ram 2500 in the amount of $913.00 a month.  The Trustee asserts the monthly payment of $913.00 is excessive and not necessary while proposing a 4% Chapter 13 Plan.  The Trustee asserts the debtors could surrender the vehicle and obtain a vehicle with a lower monthly payment.  The difference in payments should be contributed to the Chapter 13 Plan for the benefit of unsecured creditors.  Should the vehicle be retained, the Trustee believes the should be paid through the Plan.  Per the Proof of Claim filed by Santander Consumer USA, Inc, debtors are in arrears in the amount of $949.68 and the truck is financed with an interest rate of 12.98%.  Cause may exist for the Trustee to be the disbursing agent because debtors would remain current and could lower the interest rates pursuant to *In re Till*, 541 U.S. 465, 480, 124 S.Ct. 1956, 1962 (2004).  Further, auto insurance in the amount of $350.00 a month and Telephone, cell phone, Internet, satellite and cable services expense in the amount of $620.00 a month appear to be excessive and could be reduced to increase the dividend paid to unsecured creditors.  The Trustee requests the debtors substantiate these expenses.  Debtors have not proposed to increase Plan payments upon completion of payments in the amount of $127.00 a month to Acceptance Now upon completion of payments in October 2018.

6. The debtor(s) are currently in arrears to the Trustee in the amount of $795.00 through September 2017.  Further, per the "Motion of Flagstar Bank, FSB its assigns and/or Successors in Interest for Relief From the Automatic Stay of an Act Against Property of 11 USC § 362 Regarding 207 W Highway 22, Mertens, TX 76666", the debtors have failed to make any mortgage payments post-petition.  The Trustee has filed his response to Flagstar Bank's Motion and has requested that mortgage payments be conduit with the Trustee as the disbursing agent pursuant to *In re Heinzle*, 511 B.R. 69 (Bankr. W.D. Tex. 2014).  The Trustee requests the debtor(s) verify vehicle payments are current and have been received by creditor Santander Consumer USA Inc.  The Trustee asserts the debtor(s) must be current on all post-petition obligations as a condition of Confirmation.

7. The Trustee would show this is debtor, Timothy David Heinze's 5th bankruptcy in the last 3 years:  In the Central District of California 13-14332 (Dismissed for Other Reasons), 15-11405 (Dismissed for Failure to File Information), 15-14375 (Dismissed for Failure to File Information), 15-15955 (Dismissed for Other Reasons) and this case, 17-60506.  Debtor has failed to successfully complete the prior 4 filings. Per the Court's "Order Withdrawing Prior Order to Appear and Show Cause" dated August 24, 2017 the debtors will have a 180-day bar to refiling if the case is dismissed.

8. As stated above, debtors have failed to provide requested documentation, debtors are proposing to retain a vehicle with monthly payments of $913.00 that exceed the $530.00 proposed Plan payment while only proposing to pay a 4% dividend, not contributing all disposable income from expenses that appear to be excessive, not proposing to increase payments upon completion of payments to Acceptance Now, failing to remain current on post-petition plan payments, not making post-petition mortgage payments and Mr. Heinze has been unable to perform in prior bankruptcies.  Based on the foregoing, the Trustee asserts the debtors do not appear to have filed this case in good faith as required in §1325(a)(3) and §1325(a)(7).

WHEREFORE, PREMISES CONSIDERED, the Chapter 13 Trustee Ray Hendren prays that, absent Debtors obtaining plan confirmation, the Court enter an Order Denying Confirmation of the proposed Chapter 13 Plan which requires Debtors to dismiss or convert the case within 7 days of the date of the hearing or face dismissal of the case without the need for a further hearing upon the Trustee's submission of an Order Summarily Dismissing Case.  The Trustee further prays for such

other and further relief as appropriate.

Dated: October 02, 2017                                  Respectfully Submitted

/s/Ray Hendren
_____
Ray Hendren, Chapter 13 Trustee
3410 Far West Blvd
Suite 200
Austin, Tx  78731
Main:  (512)474-6309
Fax:  (512)482-8424

**United States Bankruptcy Court**
**Western District of Texas**
**Waco**

IN RE:  CASE NO.: **17-60506**
**TIMOTHY DAVID HEINZE**
**CATHERINE MARIE HEINZE**  CHAPTER 13

**CERTIFICATE OF SERVICE**
----------------------------------------

I, Ray Hendren, hereby certify that a true and correct copy of the attached document was served upon the following parties via electronic means as listed on the Court's ECF noticing sytem or by regular mail on **October 02, 2017**.

| | | |
|---|---|---|
| Timothy David Heinze<br>Catherine Marie Heinze<br>207 W Hwy 22<br>Mertens, TX  76666 | Sims Law Pllc<br>7215 Bosque Blvd Suite 101<br>Waco, TX  76710 | Linebarger Goggan Blair & Sampson Llp<br>Po Box 17428<br>Austin, TX  78760 |
| Mccreary Veselka Bragg Allen<br>Po Box 1269<br>Round Rock, TX  78680 | | |
| United States Trustee<br>903 San Jacinto<br>Suite 230<br>Austin, TX 79701 | | |

/s/ Ray Hendren
_____
Ray Hendren
Chapter 13 Trustee
3410 Far West Blvd
Suite 200
Austin, Tx  78731